# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4579

_____

United States of America,

*Plaintiff - Appellee,*

v.

Chad Allen Moens,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: January 10, 2018
Filed: June 8, 2018
[Unpublished]

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

In April 2016, Chad Moens pleaded guilty to conspiracy to distribute methamphetamine, and the district court[1] sentenced Moens to 90 months'

_____

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

imprisonment. Moens appeals his sentence, arguing that the district court made a procedural error in calculating the advisory sentencing guideline range. We conclude that Moens forfeited his present argument, and that the district court made no plain error, so we affirm.

Moens's complaint about the guideline calculation concerns his role in the conspiracy and information about the conspiracy he provided to law enforcement. Between June 2014 and September 2015, Moens worked with David Bolinger and others to sell methamphetamine in Davenport, Iowa. After they were arrested, Moens and Bolinger both provided statements to law enforcement about the conspiracy. Bolinger claimed that Moens directed him to store and distribute methamphetamine; Moens denied that he directed Bolinger.

At sentencing, the government relied on Bolinger's statement to assert that Moens played an aggravating role in the conspiracy. The prosecution argued for a two-level increase to Moens's offense level under USSG § 3B1.1(c). In a sentencing memorandum filed before the hearing, Moens objected to the two-level increase and urged instead that he was eligible for what he called "the two-level safety valve reduction, pursuant to U.S.S.G. § 5C1.2." Section 5C1.2, however, provides only that a defendant who meets certain criteria should be sentenced in accordance with the applicable sentencing guidelines without regard to any statutory minimum sentence. On appeal, Moens suggests that his sentencing memorandum actually referred to a two-level decrease under USSG § 2D1.1(b)(17). That two-level decrease applies to defendants in drug trafficking cases who meet the criteria under § 5C1.2.

At the sentencing hearing, the parties disputed whether Moens should receive a two-level increase for an aggravating role in the offense. Moens argued that he and Bolinger made conflicting statements, and that "[a]t best what the government is trying to manufacture is a tie" on the question of aggravating role. The district court ruled in favor of Moens and declined to apply the two-level increase under

§ 3B1.1(c). Moens never raised the issue of a two-level decrease under § 2D1.1(b)(17), and the district court did not address it. The court determined a total offense level of 31, a criminal history category of I, and a guideline range of 108 to 135 months' imprisonment. The court then varied downward from the guidelines based on the factors set forth in 18 U.S.C. § 3553(a) and imposed a sentence of 90 months' imprisonment.

Moens argues that the district court erred because it did not apply the two-level decrease under § 2D1.1(b)(17). The presentence report did not recommend the decrease, and the government maintains that Moens waived the argument when he stated his position at the hearing as follows: "The only objections that are still remaining, Your Honor, are the issues that pertain to a two-level enhancement for role in the offense. Every other issue has been resolved with the exception of the variance issues that I am bringing forth."

It is a stretch to say that Moens's entitlement to a decrease under § 2D1.1(b)(17) is among the "issues that pertain to a two-level enhancement for role in the offense." Moens's role in the offense is one criterion under § 5C1.2, but there are four other criteria, and counsel's statement surely did not alert the district court to a remaining dispute under § 2D1.1(b)(17). The sentencing memorandum, moreover, referred only to § 5C1.2 and did not mention § 2D1.1(b)(17). Assuming for the sake of analysis that counsel's statement at the hearing did not intentionally relinquish (*i.e.*, waive) any right to a two-level decrease, Moens forfeited the issue by failing to raise it adequately. At most, his contention is eligible for review under the plain-error standard. *See United States v. Olano*, 507 U.S. 725, 731-32 (1993).

To receive a two-level decrease under § 2D1.1(b)(17), the defendant bears the burden to prove that he meets the five criteria under § 5C1.2. The fifth criterion is that "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has

concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." The government contends that Moens did not satisfy this requirement.

The district court did not commit plain error by failing to declare *sua sponte* that Moens satisfied the fifth criterion and deserved a two-level decrease. The court was presented with conflicting statements from Moens and Bolinger about Moens's role in the conspiracy. To show that he truthfully provided all information about the offense, Moens had to establish that he was truthful and that Bolinger was not. But the answer to that credibility question is not obvious, and Moens himself suggested that the conflicting statements merely manufactured a "tie." Having failed to press the issue at the hearing, Moens can prevail only if the record is so clear that the district court obviously erred by failing to award the two-level decrease on its own initiative. The record, however, establishes that his entitlement to the adjustment was at least subject to reasonable debate, so the appeal is without merit.

The judgment of the district court is affirmed.

_____